# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREGORY SANCHEZ,                     )
                                     )
                  Plaintiff,         )
                                     )
      vs.                            )          05 C 6801
                                     )
CITY OF CHICAGO,                     )
                                     )
                  Defendant.         )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before this Court on Defendant City of Chicago (the "City")'s motion for reconsideration of our denial of summary judgment on Count II of Plaintiff Gregory Sanchez ("Sanchez")'s complaint. For the following reasons, the City's motion is denied.

## BACKGROUND

The City fired Sanchez from his job as a probationary Communicable Disease Control Investigator II ("CDCI II") in early June 2005. Sanchez filed suit against the City, asserting claims of discrimination on the basis of his disability and retaliation for exercising his rights under the Americans with Disabilities Act. Sanchez's claims are discussed in detail in our prior opinion of February 28, 2007, and we will not restate

them here.  Doc. 64. We granted summary judgment in favor of the City on Sanchez's

discrimination claims and denied summary judgment on his retaliation claim.  The City

now asks us to reconsider our denial of summary judgment on Sanchez's retaliation

claim.

## LEGAL STANDARD

Fed. R. Civ. P. 59(e) motions to alter or amend a judgment "must clearly

establish either a manifest error of law or fact or must present newly discovered

evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.

1995).  However, a Rule 59(e) motion "does not provide a vehicle for a party to undo

its own procedural failures, and it certainly does not allow a party to introduce new

evidence or advance arguments that could or should have been presented to the district

court prior to the judgment." *Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th

Cir. 1999) (*quoting Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

## DISCUSSION

The City asks us to reconsider the legal and factual basis for our determination

that genuine issues of material fact exist with respect to Sanchez's retaliation claim.

The City argues that Sanchez has failed to make out a case of retaliation under the

direct method because he failed to present any evidence of a discriminatory reason for

his discharge and because he cannot show a causal connection between his request for

accommodation and his discharge other than temporal proximity. Further, the City argues that Sanchez cannot show that its reason for discharging him was pretextual. According to the City, because the same woman who hired Sanchez also fired him, the "common actor" presumption applies in its favor and we should have concluded that there was no retaliation.

In its motion for summary judgment, the City made only one argument to support its claim that summary judgment was appropriate on Sanchez's retaliation claim - the argument that Dawn Broussard, the ultimate decisionmaker, was not aware of Sanchez's request for accommodation and therefore, as a matter of law, could not have retaliated against Sanchez. The City never raised questions as to the sufficiency of Sanchez's circumstantial evidence. Instead, citing *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002), the City argued that Sanchez could not rely on circumstantial evidence to prove retaliation under the direct method of proof. However, as the Seventh Circuit has made clear, *Stone*'s discussion of the nature of proof required under the direct method was "misleading dictum." *Sylvester v. SOS Children's Villages Illinois, Inc*., 453 F.3d 900, 902 (7th Cir. 2006). *Sylvester* holds that a plaintiff seeking to establish a retaliation claim under the direct method may use circumstantial evidence to establish that an adverse employment action was the result of protected activity. *Id*. Only now does the City argue that

Sanchez's circumstantial evidence is insufficient to establish direct evidence of retaliation and only now does it explicitly raise the argument concerning the "common actor" presumption. Essentially, the City seeks an opportunity in this motion to raise new legal arguments and reargue the facts with respect to Sanchez's retaliation claim. This is not the purpose of a motion to reconsider, *Popovits*, 185 F.3d at 730, and would in and of itself be grounds for denial of the City's motion.

Notwithstanding the City's procedural waiver, the City's arguments also fail on the merits. First, the City contends that Sanchez may not maintain a claim of retaliation under the direct method of proof unless he can show "discriminatory animus" or a "convincing mosaic" of circumstantial evidence supporting an inference that such animus exists. In concluding that a showing of discriminatory animus is required in order to establish a prima facie case of retaliation, the City relies on *Ptasnik v. St. Joseph Hospital*, 464 F.3d 691, 695 (7th Cir. 2006). *Ptasnik* is a discriminatory discharge case in which the plaintiff alleged that she was terminated because of her age and her national origin in violation of the ADEA and Title VII. Unlike the plaintiff in *Ptasnik*, however, Sanchez claims retaliation, not discrimination.

The City wishes to impose a dual requirement on Sanchez that is unsupported by the law when it argues that a plaintiff must show *both* discriminatory animus *and* a causal connection between termination and the protected activity. Retaliation and

discrimination are two different actions, with two different underlying motivations, and it is for that reason that they are treated with different requirements of proof. A plaintiff who claims he was discharged for exercising his rights under the statute need not show that he was a member of the protected class, such that the employer intended to discriminate against him; he need only show that the employer retaliated against him. *Cassimy v. Board of Education of the Rockford Public Schools, Dist. #205*, 461 F.3d 932, 937 (7th Cir. 2006). The law is clear that a plaintiff seeking to pursue a retaliation claim under the direct method must offer evidence 1) that he engaged in a statutorily protected activity; 2) that the defendants subjected him to an adverse employment action; and 3) that a causal connection exists between the two events. *Treadwell v. Office of Ill. Secretary of State*, 455 F.3d 778, 781 (7th Cir. 2006).

The heart of Sanchez's prima facie case of retaliation, then, is the causal connection between his discharge and his formal request for accommodation. Here, the City does not argue that we have misunderstood the law but instead takes issue with our interpretation of the facts, arguing that Sanchez has not produced the required "convincing mosaic of circumstantial evidence" establishing a causal connection. As an initial matter, Sanchez's circumstantial evidence need not need not have a "mosaic-like character." *Sylvester*, 453 F.3d at 904 (expressly noting that the oft-stated "mosaic" requirement does not establish a new standard for judging the sufficiency of

circumstantial evidence). As we stated in our prior opinion, Sanchez has presented sufficient circumstantial evidence from which a reasonable jury could conclude that he was fired for having made a formal request for reasonable accommodations with the City. Although the City maintains that the person who terminated Sanchez, Dawn Broussard, could not have terminated Sanchez in retaliation for his request because she was unaware of the request, Sanchez presented evidence that the actual termination decision was made between Broussard, Lora Branch, Freda Weaver, and Yvonne Cruz (acting as Broussard's replacement during her maternity leave), some of whom knew of his formal request. Further, Sanchez pointed to deposition testimony in which Weaver testified that she thought that Sanchez's request for accommodations was "inappropriate" because she had promised, informally, to provide Sanchez with similar accommodations. Drawing all inferences in favor of Sanchez, the nonmoving party, we concluded that the short time between the request for accommodation, the fact that those who were involved in the decision were aware of that request, the inferences which could be drawn from Weaver's view of the propriety of such a request, as well as other testimony concerning the impropriety of Sanchez's having gone outside the chain of command to make his accommodation request, all combined to raise a question of fact as to the motivations behind the termination decision.

In the instant motion, the City takes issue in particular with Weaver's testimony and argues that we only considered that she described Sanchez's act as "inappropriate" without reading the rest of her deposition testimony, in which she explains that she believed his action to be inappropriate because she had already offered him accommodations. However, our discussion of Weaver's testimony in our prior opinion noted that she testified that she "felt that Sanchez's formal request was inappropriate given her promise to work with him." Mem. Op. at p. 23. Though the City disagrees with our conclusion that a reasonable jury could infer that Weaver was angered by Sanchez's formal request, in considering whether summary judgment is appropriate, we must construe all facts and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The City's position, that different inferences should be drawn from the evidence, specifically that Weaver was instead sympathetic to Sanchez's cause, is proof in itself that a genuine issue of material fact remains with respect to the motivations for Sanchez's termination.

Finally, the City also argues that Sanchez failed to demonstrate that the City's reason for firing him was pretextual, especially because the "common actor" presumption should apply to bolster the City's proffered reason for termination. First of all, a pretext analysis and its associated burden-shifting belongs with the indirect method of proof established in *McDonnell-Douglas*, and is employed only when a

plaintiff cannot provide direct evidence (circumstantial or otherwise) to support his prima facie case. *Id.* A plaintiff who has made a prima facie case of wrongful action under the direct method need not refute the employers' legitimate reasons for termination - instead, the existence of such an alternative explanation is a question of fact for the jury. *Stone*, 281 F.3d at 643; *see also Sylvester*, 453 F.3d at 905 (where employee made a prima facie case of retaliation using circumstantial evidence and the direct method, employer's proffered legitimate reason for discharge was a question for the jury). As we have held that Sanchez has established a prima facie case of retaliation under the direct method, he need not also show that the City's proffered reason for his termination was pretext in order to survive summary judgment. Furthermore, the common actor presumption is logically inapplicable to retaliation cases. The presumption has been applied in discriminatory treatment cases when an employer is accused of firing the same individual within a short time after hiring him or her, because courts find it difficult to believe that the employer might suddenly develop an aversion to employing persons belonging to a protected class. *Roberts v. Separators, Inc.*, 172 F.3d 448, 452 (7th Cir. 1999). It is believable, however, that an employer might develop an aversion to a person who exercises rights under an antidiscrimination statute. A reasonable jury could conclude that Broussard, although she hired Sanchez aware of his disability and a potential need for informal

accommodation, later decided to retaliate against Sanchez for formally requesting accommodation. Thus, the City's arguments concerning the common actor presumption and the requirement of proving pretext do not apply to the type of claim Sanchez advances here.

## CONCLUSION

The City has presented no law or facts which cause us to reconsider our prior holding. Accordingly, the City's motion for reconsideration is denied.

_____

Charles P. Kocoras
United States District Judge

Dated:   April 16, 2007