UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 6801 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

In this lawsuit, Plaintiff Gregory Sanchez alleges that Defendant the City of Chicago ("the City") violated the Americans with Disabilities Act (ADA) by terminating him after he filed a request for accommodation. Before this Court are three motions *in limine* filed by the City: its motion to bar Drs. Migalski, Sarlo, and Stazkow from testifying [89], its motion to bar Plaintiff Gregory Sanchez from presenting evidence relating to recovery of back pay [85], and its motion to set off any recovery of back pay [87]. For the following reasons, all of the City's motions are denied.

### LEGAL STANDARD

A district court's authority to exclude evidence pursuant to motions *in limine* is a corollary to its power to manage trials. *E.g., Alexander v. Mount Sinai Hosp.*

*Medical Center of Chicago,* 2005 WL 3710369 at *2 (N.D. Ill., Jan. 14, 2005). However, evidence may be excluded before trial only if it is clearly inadmissible on all possible grounds. Otherwise, ruling on admissibility of evidence should be reserved for trial, during which questions of relevancy, foundation, and prejudice may be resolved in context. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Thus, denial of a motion *in limine* does not mean that the evidence will come in at trial; instead, it means only that the trial judge lacks sufficient information to rule on the admissibility of the challenged evidence prior to trial. *Id.* A party is free to object to the proffer of evidence at trial, even when such evidence falls within the scope of a previously denied motion in limine. *Id.* Furthermore, "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. U.S.*, 469 U.S. 38, 41-42 (1984).

I. Motion to Bar Drs. Migalski, Sarlo, and Stazkow from Testifying

The City argues that Drs. Migalski, Sarlo, and Stazkow ("the Doctors"), who treated Sanchez for depression and cognitive deficiencies before, during, and after his employment with the City, should not be permitted to testify. According to the City, the Doctors' testimony is not relevant to whether or not the City discharged Sanchez in retaliation for requesting accommodation under the ADA and the admission of their testimony would be unduly prejudicial. Further, the City argues that, because

the Doctors were not disclosed as expert witnesses under Fed. R. Civ. P. 26(a)-(c), they should not be permitted to testify. In response, Sanchez argues that he intends to call the Doctors to establish that he had a good faith belief that his cognitive deficiencies were a disability under the ADA.

While the testimony of the Doctors was proffered largely in support of Sanchez's claim that he was disabled within the meaning of the ADA, a claim that is no longer extant in this lawsuit, the Doctors' testimony is not entirely irrelevant to the issues remaining in the case. Neither party has called our attention to the Seventh Circuit pattern jury instructions with respect to retaliation claims under Title VII and related statutes. An examination of the pattern instruction and the underlying caselaw indicates that, if challenged, plaintiff must show that he had a good faith belief that he had grounds for engaging in his protected activity. A plaintiff need not be correct in his belief - instead, he need only hold it in good faith. Seventh Circuit Civil Pattern Jury Instruction § 3.02(c) (*citing Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) and *Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 891 (7th Cir. 2004). For example, in *Fine*, the Seventh Circuit held that the admission of evidence with respect to the alleged underlying discrimination was admissible in order to establish that the employee's subsequent action was motivated by a good faith belief that she was opposing a practice made unlawful by Title VII. *Fine*, 305 F.3d at 754.

The City is not prepared to stipulate that Sanchez had a good faith belief that he was disabled under the ADA or a good faith basis for submitting a request for an accommodation. Accordingly, we find that Sanchez may present evidence as to his good faith belief that he was disabled and was entitled to request an accommodation for his disability. To the extent that the Doctors' testimony is relevant to this issue, it may be presented.

As to the City's remaining objections concerning the failure to disclose the doctors as expert witnesses or trial witnesses, such an objection is without merit. The City has had the opportunity to depose all three doctors and has addressed the substance of their testimony in its motion for summary judgment. Furthermore, Sanchez listed the doctors as potential trial witnesses on the joint pretrial order. The City can hardly claim that they will be unfairly surprised if the Doctors testify at trial. While we do not condone a failure to timely update one's 26(a)(1) disclosures, in this case, such a failure does not bar Sanchez from presenting testimony from these witnesses.

II. Motion to Bar Sanchez from Presenting Evidence Relating to Recovery of Back Pay

In this motion, the City contends that the issue of the recovery of back pay should be decided by this Court, rather than the jury, and argues that, in any case,

Sanchez should be barred from presenting any issue concerning back pay to this Court due to his receipt of Social Security disability benefits and his alleged drug use during his employment with the City. While Sanchez agrees that back pay is not an issue for the jury, he does contest the factual underpinning for the City's contention that he should be barred from presenting any evidence concerning back pay.

As an initial matter, the Seventh Circuit has held that because only equitable remedies, such as back pay, are available to plaintiffs claiming retaliation in violation of the ADA, such plaintiffs are not entitled to a jury trial at all. *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 968 (7th Cir. 2004). The parties have agreed that issues of back pay should be presented only to this Court, and so the issue of the proper fact-finder on damages issues is moot. However, as the City has not otherwise contested Sanchez's right to a jury, we will proceed to hear liability issues in front of a jury pursuant to Fed. R. Civ. P. 39(c).

The City also argues that Sanchez should be barred from presenting any evidence relating to back pay to this Court. According to the City, Sanchez's receipt of Social Security benefits after his termination from the City bars him from recovering back pay. Furthermore, the City contends that Sanchez was using drugs during his employment with the City in violation of its personnel rules. Had the City known of his drug use, it would have immediately fired Sanchez; thus, the City

argues, he may not recover back pay. Sanchez opposes the City's motion, arguing that the City has failed to establish that he was using drugs during his employment or that the receipt of Social Security disability benefits automatically bars him from collecting back pay.

A district court possesses "broad equitable discretion to fashion back pay awards" to make a victim of discrimination whole. *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003) (internal citations omitted). In this case, the facts surrounding Sanchez's receipt of disability benefits and alleged drug use are sufficiently unclear that it would be premature to render a decision as to his ability to present *any* evidence concerning his right to receive back pay.

The Supreme Court has held that the receipt of Social Security benefits by an individual does not *ipso facto* bar that individual's ADA claim, noting that "the SSA sometimes grants SSDI benefits to individuals who not only can work, but are working." *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 805 (1999). *Cleveland* addressed only the individual's right to pursue an ADA claim; not the right to collect back pay. Nonetheless, none of the cases cited by the City expressly hold that, as a matter of law, an individual is barred from presenting any evidence relating to back pay if he or she has been receiving disability benefits. Recognizing that Social Security will at times pay benefits even while an individual is working, *see id.*,

and that at the time Sanchez was employed by the City he was employed under a specific SSA program which permitted the receipt of benefits during employment, we are reluctant to conclude on this record that Sanchez is wholly barred from presenting evidence of entitlement to back pay to this Court. *See Flowers v. Komatsu Mining Sys., Inc.*, 265 F.3d 554, 557-58 (7th Cir. 1999) (recognizing that, notwithstanding the receipt of Social Security benefits, factual determinations must be made as to the periods of time in which a plaintiff was medically unable to work before back pay may be awarded or denied).

As to the City's claim that its after-acquired evidence of drug use bars Sanchez's receipt of back pay, a factual dispute exists as to whether or not Sanchez was using drugs during his employment. Sanchez has admitted to drug use during the years in question but has denied using drugs during his employment with the City. Accordingly, it is premature to bar Sanchez from presenting evidence concerning his entitlement to back pay based upon the City's after-acquired evidence defense.

In permitting the presentation of evidence concerning back pay to the Court, we are not deciding that Sanchez is entitled to receipt of back pay. We only decide here that he may offer evidence at trial supporting his claim for back pay. The City is free to contest Sanchez's evidence at trial.

III. Motion to Bar Sanchez from Presenting Evidence Relating to Recovery of Back Pay During Certain Periods of Time and to Set-Off Any Recovery of Back Pay

In this motion, the City argues that Sanchez should not be permitted to present evidence relating to the recovery of back pay during the periods of time the City contends he removed himself from the market for employment. Further, the City argues that any recovery of back pay should be set off against Sanchez's receipt of Social Security disability benefits, unemployment benefits, and compensation from employment after his termination from the City. Sanchez disputes the City's characterization of the facts and argues that set-off is not appropriate in all circumstances. The decision as to whether or not to set off certain benefits, as with the decision concerning the award of back pay generally, is entrusted to the discretion of this Court. *See, e.g., Flowers,* 165 F.3d at 558 (7th Cir. 1999) (social security benefits); *Horn v. Duke Homes, Inc.*, 755 F.2d 599, 607 (7th Cir. 1985) (unemployment compensation). In this case, the facts surrounding the propriety of recovery of back pay and of set-off are in dispute. This Court cannot say, as a matter of law, that Sanchez should be barred from the recovery of back pay for certain periods before that evidence is heard at trial. Furthermore, the legal issues with respect to the propriety of set-off for his compensation in his full-time job are best

resolved after all of the evidence has been heard. Therefore, the City's motion is denied without prejudice.

## CONCLUSION

For the foregoing reasons, the City's motion to bar Drs. Migalski, Sarlo, and Stazkow from testifying [89], the City's motion to bar Plaintiff Gregory Sanchez from presenting evidence relating to recovery of back pay [85], and the City's motion to set off any recovery of back pay [87] are all denied.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Dated:   August 17, 2007